# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RUEBEN ESPIRICUETA**, | Case No. 3:18-cv-1593-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **TODD INVESTMENT COMPANY, dba DOLLAR RENT A CAR,** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Reuben Espiricueta brings this suit against Defendants Todd Investment Co. dba Dollar Rent-A-Car ("Todd"), Dollar Rent-A-Car, Inc., Dollar Thrifty Automotive Group, DTG Operations, Inc., Hertz Global Holdings, Inc., and Hertz Corporation (collectively "Defendants"). Plaintiff asserts claims for fraud, breach of contract, negligence, and negligent and intentional infliction of emotional distress. Defendants filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for a lack of subject matter jurisdiction. In the alternative, Defendants filed a motion for a more definite statement as to Plaintiff's pleadings for fraud, breach of contract, and negligence pursuant to Rule 12(e) and a motion to dismiss

Plaintiff's claims for intentional and negligent infliction of emotional distress for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). For the reasons that follow, Defendants motion under Rule 12(b)(1) is granted and this case is dismissed for a lack of subject matter jurisdiction. Because this Court dismisses the case on jurisdictional grounds, the Court does not consider Defendants' alternative motions.

**A. Background**

Plaintiff alleges in his Complaint that in 2014 he rented a vehicle from Todd, returned the vehicle without damage, and Defendants accepted the returned vehicle as having no damage.[1] Complaint, ECF 1, at ¶¶ 7-9. Plaintiff asserts that Defendants later changed their position, determined that the vehicle had damage, and filed a civil lawsuit against Plaintiff in Oregon state court. *Id.* at ¶ 10. According to Plaintiff, Defendants fraudulently represented before the state court that Plaintiff was served with process when he was not, and ultimately obtained a default judgment against Plaintiff. *Id.* at ¶¶ 12-13. Plaintiff further claims that, as a result of that judgment, Defendants filed a "lien" against Plaintiff's driver's license, which is preventing Plaintiff from currently renewing his Oregon driver's license. *Id.* at ¶¶ 14-17.

Plaintiff alleges that this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff alleges that he is a citizen of Oregon. *Id.*, at ¶ 1. Plaintiff further alleges that all Defendants are citizens of states other than Oregon, and, specifically, that Todd is a citizen of Washington. *Id.* at ¶ 3. Defendants disagree and contend that Todd is a citizen of Oregon, not Washington. *See* ECF 8, Ex. 1.

---

[1] Plaintiff uses the term "Defendants" generally in the Complaint without specifying which particular Defendant participated in the described activities. For the purposes of this background summary, the Court uses the term "Defendants" in the manner used by Plaintiff.

B. **Legal Standards**

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Federal jurisdiction may be established two ways: through the presence of a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Under federal question jurisdiction, federal courts have jurisdiction over all civil actions "arising under" the laws of the United States. 28 U.S.C. § 1331. Diversity jurisdiction is established when a plaintiff is a citizen of one state, all of the defendants are citizens of other states, and the damages are more than $75,000. 28 U.S.C. § 1332. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

Review of a *pro se* complaint receives special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "'Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'" *Garity v. APWU*

PAGE 3 – ORDER

*Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

**C. Discussion**

Plaintiff alleges diversity of citizenship and does not allege any other basis for this Court's subject matter jurisdiction. Plaintiff brings only state law claims, and thus the Court does not have federal question jurisdiction. The Court therefore considers only whether Plaintiff has met his burden to establish diversity jurisdiction.

For diversity of citizenship, there must be complete diversity, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Plaintiff is a citizen of Oregon and alleges that each Defendant is a citizen of a state other than Oregon. Defendants, however, assert that Plaintiff is incorrect and that Todd is a citizen of Oregon.

When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039. Todd is a

PAGE 4 – ORDER

corporation. For purposes of diversity jurisdiction, a corporation may be deemed a citizen of a state in two ways. First, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated." 28 U.S.C. § 1332(c)(1). Second, a corporation also shall be deemed to be a citizen of the state where it has its "principal place of business." *Id.* Thus, a corporation may be a citizen of more than one state—the state of incorporation *and* the state of its principal place of business.

Defendants argue that Todd is both incorporated in Oregon and has its principal place of business in Oregon. As proof of Todd's citizenship, Defendants submit documentation from the Oregon Secretary of State's website that shows the Business Entity Data for Todd. The Oregon Secretary of State lists Todd's state of incorporation as Oregon. The Secretary of State also lists Todd's principal place of business in Oregon. Each of these findings, separately and individually, is sufficient to establish Todd's citizenship in Oregon and thus demonstrate that there is not complete diversity of citizenship in this case.

Plaintiff does not refute that Todd is incorporated in Oregon. Nor does Plaintiff offer any evidence to contradict Defendants' evidence from the Oregon Secretary of State on this point. Instead, Plaintiff merely argues that Todd's principal place of business is in Washington. Even if the Court were to agree with Plaintiff that Todd's principal place of business is in Washington, the parties would still lack complete diversity because Todd would also be a citizen of Oregon, as Todd's state of incorporation. *See* 28 U.S.C. § 1332(c)(1); *see also 3123 SMB LLC v. Horn*, 880 F.3d 461, 462-63 (9th Cir. 2018) (noting that "[f]or purposes of determining diversity jurisdiction, 'a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business'" and that "a

corporation's state of incorporation can be determined with ease" (quoting 28 U.S.C. § 1332(c)(1))).

Plaintiff next argues that Todd should be equated with Dollar Rent-A-Car, Inc. because Todd does business under the business name "Dollar Rent-A-Car." For this reason, Plaintiff asserts that Todd's true principal place of business is in Florida, the location of the corporate offices for Dollar Rent-A-Car, Inc. First, as noted above, a corporation's principal place of business is only one way to determine its citizenship and its state of incorporation is a second and separate method of determining its citizenship. Second, to the extent Plaintiff is arguing that Todd and the main corporate office of Dollar Rent-A-Car, Inc. should be considered as a single corporate entity, that argument is rejected. Although Todd does business under the business name "Dollar Rent-A-Car," Todd is a legally separate and distinct entity from Dollar Rent-A-Car, Inc. Plaintiff acknowledges this distinction in the Complaint, stating that Todd only uses the name Dollar Rent-A-Car "pursuant to an agreement" with Dollar Rent-A-Car, Inc. Because Todd is a separate legal entity from Dollar Rent-A-Car, Inc., the citizenship of Todd is analyzed separately from the citizenship of Dollar Rent-A-Car, Inc.

The Court finds that Todd is a citizen of Oregon, the same state of citizenship as that of Plaintiff, and therefore the parties in this case lack diversity of citizenship. Because Plaintiff raises only state law claims and presents no federal question, diversity jurisdiction was Plaintiff's only basis for subject matter jurisdiction in federal court. Because the parties do not have complete diversity, the Court lacks subject matter jurisdiction.

## D. Conclusion

Plaintiff fails to meet his burden of demonstrating that the adverse parties in this case satisfy the jurisdictional requirement of complete diversity for subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff has not alleged any alternative basis for subject matter

PAGE 6 – ORDER

jurisdiction. Defendants' motion to dismiss for lack of subject matter jurisdiction (ECF 7) is GRANTED. All other pending motions are DENIED AS MOOT. This case is dismissed without leave to amend, but without prejudice to Plaintiff to bring his claims in state court.

**IT IS SO ORDERED.**

DATED this 2nd day of November, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge